# EXHIBIT 2

S U M M O N S
CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

MOUNTAIN STATE MECHANICAL INSULATION, INC.
PO BOX 112, 102 OAK RIDGE LANE
BRIDGEPORT      WV  26330

         Plaintiff

  v.              11-C-461        JOHN LEWIS MARKS, JR.

BELL CONSTRUCTORS, LLC, A WEST VIRGINIA LIMITED LIABILITY CO
1340 LEXINGTON AVENUE
ROCHESTER      NY  14606

         Defendant

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
    EDWARD KOHOUT, ESQ.
    Plaintiff's attorney whose address is
    235 HIGH STREET SUITE 307
    MORGANTOWN, WV 26505

an answer, including any related counter-claim you may have, to the

complaint filed against you in the above-styled civil action, a true

copy of which is herewith delivered to you. You are required to serve

your answer within 20 days after service of this summons upon you,

exclusive of the day of service.

If you fail to do so, judgement by default will be taken

against you for the relief demanded in the complaint and you will be

thereafter barred from asserting in another action any claim you may

have which must be asserted by counter claim in the above-styled

civil action.

DATED: 10/25/11

                  DONALD L. KOPP II, CLERK
                  Harrison County Circuit Court

                  By: _____,Deputy

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, Harrison _____ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**                                        Case # 11-C-462.1

Mountain State Mechanical Insulation, Inc.              Judge: Marks

P.O. Box 112, 102 Oak Ridge Lane

Bridgeport, WV 26330

**vs.**

|  |  |  |
|---|---|---|
| **Defendant(s)** Bell Constructors, LLC | **Days to Answer** | **Type of Service** |
| 1340 Lexington Avenue | 20 | Sec. of State |
| Street | | |
| Rochester, NY 14606 | | |
| City, State, Zip | | |

Street

City, State, Zip

Street

City, State, Zip

Street

City, State, Zip

Original and 3_____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Mt. State Mechanical Insulators Inc. | CASE NUMBER: 11-C-4101 |
|---|---|
| DEFENDANT: Bell Constructors LLC | |

II. TYPE OF CASE:

☑ General Civil

☐ Mass Litigation
(As defined in T.C.R. Rule XIX (c))

- ☐ Asbestos
- ☐ Carpal Tunnel Syndrome
- ☐ Diet Drugs
- ☐ Environmental
- ☐ Industrial Hearing Loss
- ☐ Silicone Implants
- ☐ Other: _____

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

☐ Adoption

☐ Administrative Agency Appeal

☐ Civil Appeal from Magistrate Court

☐ Miscellaneous Civil Petition

☐ Mental Hygiene

☐ Guardianship

☐ Medical Malpractice

III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 09 / 2012

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES
☑ NO
IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

Attorney Name: Edward Kohout, Esquire

Firm: Law Offices ERK PLLC

Address: 235High St.MorgantownWV26505

Telephone: 304-777-4086

Dated: 10-17-11

Representing:

☑ Plaintiff  ☐ Defendant

☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

## IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

MOUNTAIN STATE MECHANICAL
INSULATION, INC.

       Plaintiff,

v.                     CIVIL ACTION 11-C-_____

BELL CONSTRUCTORS, LLC,
a West Virginia Limited Liability Company
also known as THE BELL COMPANY

       Defendant.

### COMPLAINT

Comes now Plaintiff Mountain State Mechanical Insulation, Inc., by its

undersigned counsel, Edward R. Kohout, for its complaint against the Defendant and

states and avers as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a West Virginia registered corporation and is doing business as

   Mountain State Mechanical Insulation, Inc. ("Mountain State").

2. At all relevant times herein, Plaintiff was, and is now, doing business in the

   State of West Virginia.

3. Defendant is a West Virginia limited liability company doing business in the

   State of West Virginia and is the alter ego of the Bell Company of New York

   ("Bell").

4. At all relevant times herein, Defendant was, and is now, doing business in the

   State of West Virginia.

1

5. The Amount in Controversy relating to all causes of action related in this lawsuit, excluding interests and costs, far exceed any minimum jurisdictional requirements of this Court.

## BACKGROUND

6. Plaintiff adopts and incorporates by reference the paragraphs numbered 1 through 5 above as if they were fully and completely set forth herein.

7. On or about December, 2010, Defendant Bell advertised a "Notice to Bidders" in The Exponent Telegram, a Clarksburg, West Virginia newspaper.

8. The advertisement sought "subcontractors and suppliers for the Spinal FBI Biometrics Technology Center, Phase 2 project located in Clarksburg, WV." Bids were to be accepted "through December 31, 2010."

9. Furthermore, the advertisement specifically stated that participation was being sought from "all qualified Small Business, Small Disadvantaged Business, Women Owned Small Business, Veteran owned Small Businesses and HubZone Small Businesses."

10. The ad was posted as such in order to comply with the Federal Acquisition Regulation ("FAR"). 48 C.F.R. 6.207.

11. Plaintiff Mountain State qualifies as a "Small business concern owned and controlled by women," as defined in 15 U.S.C.A. § 632(n), and used to comply with FAR.

12. Plaintiff, being ready and willing to perform the work, followed the ad's instructions by calling the provided contact for a bid package immediately upon viewing the notice.

2

13. After not receiving a bid package, Plaintiff contacted Bell and was assured by its representative that Mountain State was listed as a recipient and that the bid package would be sent.

14. Despite its efforts, Plaintiff never received a bid package.

15. Shortly thereafter, Plaintiff discovered that the job went to another New York based company, Southern Tier Insulation Distributors, Inc. ("Southern Tier").

16. Accordingly, Plaintiff was never permitted to make a bid in violation of FAR guidelines.

17. The defendant utilized the services of Southern Tier on at least one prior occasion.

18. In June, 2011, Mountain State contacted attorney Edward R. Kohout to assist in the matter.

19. Counsel contacted Bell via letter on June 27, 2011, seeking an explanation as to why no bid package was ever sent to Mountain State.

20. On July 8, 2011, Bell responded via letter, stating that the company "will respond accordingly no later than August 1, 2011."

21. No such response was ever received. Likewise, defendant, as prime contractor for the FBI project, was responsible under federal law to inform plaintiff of its right to protest and appeal the bid award, which it failed to do.

22. Plaintiff has contacted Bell numerous times, but has been offered no explanation as to why a bid package was never sent.

## COUNT I – DECLARATORY RELIEF

23. Plaintiff adopts and incorporates by reference the paragraphs numbered 1 through 22 above as if they were fully and completely set forth herein.

24. Plaintiff Mountain State seeks Declaratory Relief from the Court under W. Va. Code § 55-13-1 et. seq. and Rule 57 of the West Virginia Rules of Civil Procedure.

25. Defendant's refusal to honor its advertisement by issuing a bid package and failure to provide plaintiff with notifications for bidding and protest of awards required by federal law constitutes unlawful discrimination against a minority and female owned business and a violation of federal laws pertaining to competitive bidding on federal contracts including, but not limited to, the Small Business Act, 15 U.S.C. 631 et seq and The Federal Acquisitions Reform Act of 1995 and regulations found at . 47 and 48 C.F.R.

26. Plaintiff has lost the expense of preparing to make a bid, and the value of the contract, in excess of $100,000, and continues to lose, thousands of dollars in revenue from Defendant's act of refusing to honor its ad and violations of federal bidding regulations.

27. Plaintiff is entitled to declaratory relief.

28. Wherefore, Plaintiff demands declaratory relief in the form of a ruling that defendant violated applicable federal bidding laws.

**COUNT II – VIOLATION OF SECTION 1 OF THE**

**SHERMAN ANTITRUST ACT, 15 U.S.C. § 1**

29. Plaintiff adopts and incorporates by reference the paragraphs numbered 1 through 28 above as if they were fully and completely set forth herein.

4

30. Under the Sherman Antitrust Act, "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states" constitutes a violation of Federal antitrust laws. 15 U.S.C. § 1

31. Defendant Bell has orchestrated arrangements and entered into contracts that unreasonably restrain trade for subcontractors by entering into an agreement with Southern Tier to offer it the contract on the FBI project noted above in violation of competitive bidding laws.

32. Defendant advertised the "Notice to Bidders" with a call for the participation of "Women Owned Small Businesses" in accordance with FAR.

33. Despite its call for participation from "Women Owned Small Businesses," Defendant Bell had no intentions of hiring any company other than Southern Tier and discriminated against plaintiff.

34. The desire for "Women Owned Small Businesses" was simply a farce to feign cooperation with FAR regulations.

35. Defendant's failure to comply with Federal regulations is demonstrated through its failure to provide Plaintiff with neither a bid package, notices of its bidding rights, nor any other reasonable means of participating in the job auction.

36. As a direct and proximate result of defendant Bell's anti-competitive actions, plaintiff has been injured and continues to be injured in its business and property in the loss of expenses incurred in preparing to bid and perform the contract and the value of the contract in excess of $100,000.

## COUNT III – VIOLATION OF SECTION 3 OF THE WEST VIRGINIA

## ANTITRUST ACT, W. VA. CODE § 47-18-1

37. Plaintiff adopts and incorporates by reference the paragraphs numbered 1 through 36 above as if they were fully and completely set forth herein.

38. Under the West Virginia Antitrust Act, "[a] contract, combination or conspiracy between two or more persons refusing to deal with any other person or persons" for purpose of restraining trade is considered unlawful.

39. Defendant violated the Act by entering into an agreement with Southern Tier to award it the FBI contract and failing and or refusing to allow plaintiff to bid on the contract, which was an act to restrain trade and competition.

40. Bell circumvented the nature of the auction by refusing to solicit bids.

41. Instead of abiding by the advertisement's call for competitive bidding, Bell hired Southern Tier based solely on its prior dealings with the company and discriminated against plaintiff.

42. As a direct and proximate result of defendant Bell's anti-competitive actions, plaintiff has been injured and continues to be injured in its business and property in the loss of expenses incurred in preparing to bid and perform the contract and the value of the contract in excess of $100,000..

## COUNT IV – Fraud

43. Plaintiff adopts and incorporates by reference the paragraphs numbered 1 through 42 above as if they were fully and completely set forth herein.

44. The defendant is liable to the plaintiff for fraud specifically by willfully placing a false solicitation ad in the newspapers and willfully making repeated

6

false statements of delivering a bid package to Plaintiff, despite the fact that Defendant never had any intention of doing so.

45. The defendant is further liable for fraud since it willfully never intended to hire any of the types of companies to which it specifically advertised to in its blatantly false ad.

46. The ad specifically sought participation in the bidding process from "all qualified Small Business, Small Disadvantaged Business, Women Owned Small Business, Veteran owned Small Businesses and HubZone Small Businesses."

47. Despite the ad's specific call for the aforementioned businesses, Defendant gave the job to Southern Tier, a company that does not qualify for any of the titles named in the ad.

48.  Plaintiff reasonably relied upon Defendant's promises to its detriment in that it made preparations to accept and perform the contract.

49. Due to the ad's call for "Women Owned Small Businesses," to which Plaintiff qualifies as, Plaintiff was justified in its reliance.

50. As a direct and proximate result, Plaintiff suffered losses in the form of the price of the construction job in excess of $100,000 and costs expended in preparation of said job.

### COUNT V-Civil Conspiracy

51. The allegations set forth in paragraphs 1-50 above are incorporated by reference herein.

7

52. Defendant Bell and Southern Tier entered into a civil conspiracy to big-rig this FBI job by agreeing that defendants would willfully place the ad in the newspaper with apparently no intention of following federal competitive bidding laws and by subsequently awarding the contract to Southern Tier, with whom Bell had previously worked, and thereby depriving plaintiff of the chance to bid on the contract.

53. As a direct a proximate result, plaintiff was damaged by this conspiracy in that it incur expenses in preparing to bid on and accept and perform the contract and in losing the value of the contract in excess of $100,000.

### COUNT VI- Breach of Contract

54. The allegations set forth in paragraphs 1-53 are incorporated by reference herein.

55. Defendant Bell had a contract with the FBI Center/Department of Justice/federal government in Clarksburg for construction project noticed in the advertisement listed heretofore.

56. Under the contract, defendant Bell owed a duty of good faith and fair dealing and was required by federal bidding laws to ensure competitive bidding on the project.

57. Plaintiff was a third party beneficiary of that contract between defendant and the federal government since the advertisement soliciting bids was directed at female and minority owned businesses and the ad specifically solicited businesses within the HUBZone. Plaintiff was in all regards a qualified

HUBZone business which should have been permitted to submit a bid for the job.

58. Defendant breached its contract with the federal government regarding the FBI project by violating federal competitive bidding regulations including those found in FAR, by awarding the contract to Southern Tier and discriminating against plaintiff by denying it a right to bid.

59. As a direct and proximate result of defendant's unlawful bid-rigging and giving the job to Southern Tier, plaintiff was injuring in its business and suffered damages in the form of the expenses it incurred in preparing to make the bid and to perform the contract to the sum of the value of the contract in excess of $100,000.

WHEREFORE, Plaintiff demands judgment against the Defendant in such amount as will fully and completely compensate them for all injuries and damages sustained, past, present, and future, plus prejudgment interest, cost, attorney's fees, punitive damages, and whatever other relief this Court will allow.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully Submitted this 21 day of Oct , 2011.

_____

Edward R. Kohout, Esquire
Counsel for Plaintiff
W. Va. Bar # 4837
235 High Street, Suite 307
Morgantown, WV 26505
(304) 777-4086
(304) 777-4087 fax

9